UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOLIE TROMBLEY, as Personal
Representative of the Estate of BENJAMIN
TROMBLEY, Deceased,

        Case No. 14-10973

    Plaintiff,

v.        Honorable John Corbett O'Meara

CORIZON, INC., STEPHANIE
HARMON, KIM HUBBARD, and
NATALIE PACITTO,

    Defendants.
_____/

**ORDER GRANTING
DEFENDANTS' APRIL 12, 2016 MOTION IN LIMINE
TO EXCLUDE EVIDENCE OF OTHER SUICIDES AND
DENYING WITHOUT PREJUDICE
DEFENDANTS' MOTION TO EXCLUDE INTERNAL REPORTS**

This matter came before the court on Defendants' April 12, 2016 Motion in Limine to Exclude from Trial Evidence of Other Suicides at the Macomb County Jail Pursuant to Fed. R. Evid. 401 & 403 and Defendant's April 12, 2016 Amended Motion to Exclude Internal Reports Regarding Subsequent Remedial Measures from Trial Pursuant to Fed. R. Evid. 407.  Plaintiff filed responses July 26 and July 15, 2016, respectively; and Defendants filed reply briefs August 8, 2016.  Pursuant to Local Rule 7.1(f)(1), no oral argument was heard.

Defendants seek to prevent Plaintiff from introducing at trial evidence related to suicides at the Macomb County Jail prior to and subsequent to that of decedent Benjamin Trombley. Defendants argue that there is little connection among the suicides other than their occurrence in the same jail and that, therefore, the other suicides are irrelevant to the determination of the legal issues in this case.

In the second motion, Defendants seek to prevent Plaintiff from producing at trial two reports, the "Macomb County Jail Site Visit Report" and the "Macomb County Jail Analysis of Suicides." The reports were generated in May 2011 at the request of defendant Corizon for its own purposes in analyzing how services at Macomb County Jail may be improved. Defendant contends that "both reports constitute subsequent remedial measures not admissible pursuant to Fed. R. Evid. 407." Defs' mot. br. at 2.

## **LAW AND ANALYSIS**

Rule 401 of the Federal Rules of Evidence defines evidence to be relevant if it has "any tendency to make a fact more or less probable than it would be without the evidence" and "the fact is of consequence in determining the action." Rule 403 serves to exclude otherwise relevant evidence "if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues," or "misleading the jury."

2

A municipality can be held liable under 42 U.S.C. § 1983 only when its policies are the "'moving force behind the constitutional violation.'" City of Canton v. Harris, 489 U.S. 378, 389 (1989) (quoting Monell v. New York City Dept. of Social Servs., 436 U.S. 658, 694 (1978)). In Gray v. City of Detroit, 399 F.3d 612, 618 (6th Cir. 2005), the United States Court of Appeals for the Sixth Circuit noted that "very few cases have upheld municipality liability for the suicide of a pre-trial detainee."

In this case none of the other suicides was identified in Plaintiff's complaint as being evidence of a custom or policy of deliberate indifference on the part of the individual defendants or defendant Corizon. Instead, Plaintiff asserted that Corizon "committed the constitutional violations" as a result of "the training, and/or lack of training and/or lack of re-training." Compl. at 8.

Plaintiff has failed to identify any facts from the other suicides that have any relationship to Trombley's death except, again, that they occurred at the same jail. The manner of suicide was different, and the amount of time the detainees had been incarcerated was different. The circumstances of each death are so dissimilar as to render evidence of them irrelevant to the legal issues to be determined in this case. Even if evidence of the other suicides were relevant, the court would exclude it under Rule 403, finding that its probative value is substantially outweighed by a danger of confusing the issues or misleading the jury.

Defendants' second motion seeks to exclude May 2011 reports prepared by defendant Corizon for its own use, asserting that "both reports constitute subsequent remedial measures not admissible pursuant to Fed. R. Evid. 407." Defs' mot. br. at 2. In light of the court's ruling excluding evidence of other suicides at the jail, the court will deny without prejudice Defendants' motion regarding these reports and will make a ruling if and when the issue arises at trial.

## ORDER

It is hereby **ORDERED** that Defendants' April 12, 2016 Motion in Limine to Exclude from Trial Evidence of Other Suicides at the Macomb County Jail Pursuant to Fed. R. Evid. 401 & 403 is **GRANTED.**

It is further **ORDERED** that Defendant's April 12, 2016 Amended Motion to Exclude Internal Reports Regarding Subsequent Remedial Measures from Trial Pursuant to Fed. R. Evid. 407 is **DENIED WITHOUT PREJUDICE.**

    s/John Corbett O'Meara
    United States District Judge

Date: September 1, 2016

     I hereby certify that a copy of the foregoing document was served upon counsel of record on this date, September 1, 2016, using the ECF system and/or ordinary mail.

                                                   <u>s/William Barkholz</u>
                                                   Case Manager